### BATEY v. NASHVILLE, C. & ST. L. RY. et al.

(Circuit Court, M. D. Tennessee. April 22, 1899.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

  Where the declaration in an action in a state court against two defendants to recover damages for a personal injury alleges a separate and distinct cause of action against each defendant, based upon separate contracts with each, the facts specifically alleged against one constituting no cause of action against the other, the cause, as against one defendant which is a citizen of another state, is removable.[1]

This is an action commenced in a state court by C. C. Batey against the Nashville, Chattanooga & St. Louis Railway and the Pullman Palace-Car Company. The cause was removed into the federal court by the Pullman Palace-Car Company. On motion to remand.

The following is a copy of the plaintiff's declaration:

The plaintiff, C. C. Batey, sues the defendants, Nashville, Chattanooga & St. Louis Railway and Pullman Palace-Car Company, for ten thousand dollars damages, for this: That on the ——— day of August, 1897, the plaintiff was a passenger on a sleeping car of the defendant Pullman Palace-Car Company, attached to, and being drawn by, the train of the defendant Nashville, Chattanooga & St. Louis Railway, from Atlanta, Ga., to Nashville, Tenn., by arrangement or agreement between said defendants; and while such passenger on said railroad, between Chattanooga and Nashville, in the state of Tennessee (plaintiff's destination being Murfreesboro, Tenn.), the said plaintiff was awakened, and was making preparation to dress, and leave the upper berth, which he had occupied, and was unnecessarily, unlawfully, forcibly, and violently thrown from said berth by the improper, reckless, careless, and negligent conduct of defendant railway in running its train with too much rapidity, and irregularly and negligently, around a curve, and upon a portion of the road where it was unsafe and improper and negligent to run with such rapidity (at a point between Wartrace, in Bedford county, and Murfreesboro, in Rutherford county, where the road curves, and the train ran roughly, but which point plaintiff cannot more specifically designate), and by the reckless, careless, and negligent conduct of the defendant Pullman Palace-Car Company, in not providing the proper means to prevent plaintiff from being thus thrown from said berth, and in not having its servants and agents properly care for and assist the plaintiff after awaking him and giving him directions to prepare to leave the car at Murfreesboro. Plaintiff was a regular passenger on said railway train and on said sleeping car, having purchased tickets for both. By being thrown from said berth, the plaintiff was greatly injured and damaged, by being shocked and bruised, and by receiving such injury in his hip as to cripple him,

---

[1] Separable controversy as ground for removal, see note to Robbins v. Ellenbogen, 18 C. C. A. 86.

and thus impede and hinder his walk; and he suffered great pain and anguish, and was put to great expense for medical service and attention, and was rendered unfit and unable to attend to the business in which he was engaged, and to do the work which he had in hand, and which he had learned. Wherefore plaintiff sues for said ten thousand dollars as damages, and he demands a jury to try his cause.

Second Count. And the plaintiff aforesaid sues the defendants aforesaid for ten thousand dollars damages, for this: That on the ——— day of August, 1897, the plaintiff was a passenger on a sleeping car attached to, and drawn by, the train of defendant Nashville, Chattanooga & St. Louis Railway, from Atlanta, Ga., to Nashville, Tenn.; and while such passenger on said railroad, between Chattanooga and Nashville, in the state of Tennessee (plaintiff's destination being Murfreesboro, Tenn.), the said plaintiff was awakened, and was making preparations to dress and leave the upper berth, which he had occupied, and was unnecessarily, unlawfully, forcibly, and violently thrown from said berth by the improper and negligent, careless, and reckless conduct of defendants in running the train with too much rapidity, and irregularly and negligently, around a curve, and upon a portion of the road where it was unsafe and improper and negligent to run with such rapidity (at a point between Wartrace, in Bedford county, and Murfreesboro, in Rutherford county, but which point plaintiff cannot more specifically designate). Plaintiff was a regular passenger upon said railway train and on said sleeping car, having purchased tickets for both. By being thrown from said berth, the plaintiff was greatly injured and damaged, by being shocked and bruised, and by receiving such injury in his hip as to cripple him, and thus impede and hinder his walk; and he suffered great pain and anguish, and was put to great expense for medical service and attention, and was rendered unfit and unable to attend to the business in which he was engaged, and to do the work which he had in hand, and which he had learned. Wherefore plaintiff sues for ten thousand dollars damages, and he demands a jury to try his cause.

John E. Richardson and E. P. Smith, for plaintiff.
Albert D. Marks, for defendant Pullman Palace-Car Co.
Palmer & Ridley, for defendant Nashville, C. & St. L. Ry.

CLARK, District Judge. The motion to remand in this cause is overruled. In the first count of the declaration there is a separate and distinct cause of action stated against each one of the defendants, and neither one of the defendants could be held liable on the facts specifically averred against the other defendant. This is all too clear for argument. Besides, this count, as well as the second count, is based upon a separate contract with each company, growing out of the purchase of a ticket for passage, and is based on a breach of duty which, as a matter of law, arose out of the contract. There could be no question of the plaintiff's right to sue either company as for a tort, pure and simple, regardless of his contract relation with them, but the plaintiff has not so stated his cause of action. I do not regard this view, however, as very material, inasmuch as the plaintiff, instead of suing in a count containing general averments of negligence, specifically sets out against each company the facts which it is claimed render each one of the defendants liable. The second count in the declaration also states the facts causing the injury, and the facts so stated make no case whatever against the Pullman Company, but only against the Nashville, Chattanooga & St. Louis Railway. This is the impression which I now have of the case.